IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |  |
|---|---|---|
| JEFFREY POLK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-00546-DGK |
| | ) | |
| EILEEN RAMEY, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER DENYING HABEAS PETITION

This habeas case stems from Jeffrey Polk's ("Petitioner") state court conviction and twenty-five-year sentence for first-degree assault. Now before the Court is the fully briefed Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus, ECF No. 1. For the following reasons, the Petition is DENIED.

## BACKGROUND

On a petition for a writ of habeas corpus brought by a person in state custody, a federal court views the facts and evidence in the light most favorable to the state court's verdict. *Hendricks v. Lock*, 238 F.3d 985, 986 (8th Cir. 2001); *see also* 28 U.S.C. § 2254(e)(1) (2009). The evidence and procedural history of Petitioner's case is summarized as follows:

On February 10, 2014, Petitioner was charged in the Circuit Court of Pettis County, Missouri, with first-degree domestic assault, which was later amended to the Class A felony of first-degree assault, for beating a woman he was having a romantic relationship so badly that she had to be hospitalized for twelve days with bleeding in the brain. *Polk v. State of Missouri*, No. WD80984, slip op. at 3 (Mo. Ct. App. Dec. 18, 2018), ECF No. 7-8. Upon release from the hospital, the woman had to use a walker and depended heavily on her family for care. *Id.* At the time of Petitioner's trial in August of 2015, she was still unable to drive or work. *Id.*

Petitioner was initially represented by an appointed attorney, Marvin Opie. On October 24, 2014, Mr. Opie filed a motion seeking a review of Petitioner's competency to stand trial. *State v. Polk*, No. 14PT-CR00208, docket sheet at 4, ECF No. 7-4. At a hearing held October 31, 2014, the trial court granted the motion because the state did not object to it. *Id*.

The decision to request a competency evaluation apparently caused a rift between Petitioner and his attorney. Petitioner subsequently requested the court appoint a different attorney. On November 21, 2014, the Court granted the request and appointed attorney John Roodhouse to represent him. Mr. Opie then withdrew. After difficulties arose in Petitioner's relationship with Mr. Roodhouse, the court appointed a third attorney, Stephen Concannon, to represent him.

Mr. Concannon entered his appearance on March 23, 2015. Petitioner was not satisfied with him either, and on June 18, 2015, after complaining that his attorneys had tried to sabotage his case, Petitioner moved to represent himself. The court questioned Petitioner about this request and discussed some of the perils of self-representation with Petitioner. *Polk* at 3-6. The court then granted the motion but ordered Mr. Concannon to remain "shadow counsel" for the balance of the hearing. *Id*. at 6.

At the same hearing, the court noted that although the motion for a mental exam had been granted, it had never been conducted. Tr. at 21, ECF No. 7-1. Petitioner then interrupted to explain that he asked his attorney to withdraw the motion, and that "I told him that we're not going to do that [have a mental exam]" because he did not need one. *Id*. Petitioner claimed that what he needed was a medical exam because he claimed the victim assaulted him, injuring his head. *Id*.

The issue re-emerged at the July 8, 2015, pretrial hearing, as Petitioner repeatedly denied he had any mental competency issues. He denied he had any mental competency issues but

complained that he had a head and neck injury from allegedly being assaulted by the victim more than a year earlier that supposedly needed medical attention.[1]  Tr. at 79, ECF No. 7-1.

The court also revisited the issue of Petitioner's self-representation during the July 8 hearing.  It presented Petitioner with a written waiver of counsel explaining the rights that he had and that he was waiving by choosing to represent himself and discussed his choice with him.  *Id*. at 6-8.  The court accepted Petitioner's decision to represent himself.  *Id*. at 8.  The court did not, however, appoint stand-by counsel to be available to assist Petitioner at trial.

The case proceeded to jury trial on August 25, 2015.  During the trial, Petitioner cross-examined the victim and suggested via his questions that she had been drinking and then fell, causing her own injuries.  When Petitioner testified in his own defense, however, he did not dispute the victim's version of events.  As the trial court later observed, "the entirety of the State's evidence went largely unchallenged, and the weight of the evidence of Movant's guilt was overwhelming." *Polk v. State of Missouri*, No. 15PT-CC00225, slip op. at 1 (Pettis County Cir. Ct. filed July 5, 2017), ECF No. 7-6.  The jury convicted Petitioner on August 26, 2015.

On October 8, 2015, the court sentenced him as a prior and persistent offender to twenty-five years imprisonment.  Petitioner, who was still representing himself, did not file a direct appeal, but timely filed a state court motion for post-conviction relief.

The Court subsequently appointed post-conviction counsel.  On April 8, 2016, post-conviction counsel entered her appearance and filed an amended motion presenting five claims.  Petitioner argued: (1) a discovery violation based on photographs of the victim that were not disclosed to him; (2) his waiver of counsel was not unequivocal, knowing, intelligent and voluntary; (3) the trial court erred by not sua sponte appointing a fourth lawyer for him as standby

---

[1] Nothing in the record, however, supports his assertion that the victim assaulted him.

counsel; (4) the trial court erred in not telling him that if he choose not to testify, the jury would be instructed that they could hold his decision not to testify against him; and (5) he was incapable of representing himself because he was in such severe head and neck pain because the victim assaulted him.

The trial court denied all five claims.

Petitioner appealed the denial of the motion on claims two and four. In a detailed seventeen-page ruling, the court of appeals affirmed the trial court and denied both claims. The appeals court issued its mandate on February 27, 2019.

On July 1, 2019, Petitioner filed his petition for a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. In his initial petition, filed before the Court appointed counsel, Petitioner alleged: (1) post-conviction counsel was ineffective because Petitioner did not take a direct appeal; (2) post-conviction counsel was ineffective for not alleging he was without adequate counsel during the direct appeal stage; (3) he was denied due process in post-conviction litigation for several other reasons (e.g., the trial judge was not impartial, courts were biased against him and incompetent); (4) his rights under Article I, Section 18(a) of the Missouri Constitution were violated because the prosecutor did not introduce photographs of the victim's face at trial, or alternately, violated *Brady v. Maryland*, because the photographs were not disclosed to him prior to trial; (5) the evidence against him was insufficient because no physical evidence was introduced to the jury that he committed a felony; and (6) two of the witnesses allegedly perjured themselves during the trial. Pet. at 4-10, ECF No. 1.

In the supplemental memorandum, appointed counsel presents two additional claim: (1) the trial court erred by allowing Petitioner, without the benefit of a competency evaluation, to waive his right to trial counsel; and (2) alternatively, the trial court should have appointed stand-

by counsel to sit with Petitioner during the trial whether Petitioner requested such an appointment or not. Suppl. Mem. at 9-16, ECF No. 13.

## STANDARD OF REVIEW

Federal courts may not grant a writ of habeas corpus on any claim that was adjudicated on the merits in a state court proceeding unless adjudication of the claim,

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

A decision is contrary to clearly established Supreme Court law if the "state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or . . . decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams v. Taylor,* 529 U.S. 362, 412-13 (2000). A decision unreasonably applies clearly established Supreme Court law "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* This standard is objective, not subjective. *Id.* at 409. An unreasonable application of federal law is different from an incorrect application of federal law. *Id.* at 410.

As for the "decision based on an unreasonable determination of the facts" prong of the analysis, a factual finding made by a state court is presumed correct. 28 U.S.C. § 2254(e). The petitioner bears the burden of rebutting this presumption by clear and convincing evidence. *Id.*

# DISCUSSION

None of Petitioner's claims establishes grounds for granting relief.

## I.  The arguments raised in the initial petition do not establish grounds for relief.

Petitioner's first argument is that post-conviction counsel was ineffective because Petitioner did not take a direct appeal and post-conviction counsel should have done something about this. This claim fails because Petitioner was still representing himself at the time the deadline to file a direct appeal ran—indeed, post-conviction counsel had not been appointed yet—so post-conviction counsel cannot possibly be responsible for the failure to file the direct appeal.

Petitioner's second argument, that post-conviction counsel was ineffective for not alleging he was without adequate counsel during the direct appeal stage, fares no better. Petitioner, who was representing himself, did not file a notice of appeal. The state court of appeals found that Petitioner's decision to proceed *pro se* was knowing, intelligent, and voluntary. *Polk v. State of Missouri*, No. WD80984, slip op. at 11-14. This decision was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, nor was this decision contrary to, or involved an unreasonable application of, clearly established Federal law. Given that Petitioner did not take a direct appeal after making a knowing, intelligent, and voluntary decision to represent himself, he cannot now shift the blame for the adverse outcome of his decision to post-conviction counsel. *See Faretta v. California*, 422 U.S. 806, 834 n.46 (1975) ("[A] defendant who elects to represent himself cannot therefore complain that the quality of his own defense amounted to a denial of effective assistance of counsel.")

Petitioner's third argument, that he was denied due process in post-conviction litigation for a variety of other reasons, is not a cognizable legal argument, it is a mass of unsupported complaints about the trial court, the prosecutor, and the victim. As such, it does not establish grounds for relief.

Plaintiff's fourth argument, that his rights under the Missouri Constitution were violated because the prosecutor did not introduce photographs of the victim's face, or alternately, violated the holding of *Brady v Maryland* because the pictures were not disclosed to him, is also meritless. As a threshold matter, the Court lacks jurisdiction to remedy alleged violations of the Missouri Constitution by state courts. *See* 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.") Additionally, any *Brady* argument is procedurally barred from review because Petitioner raised it before the state trial court hearing his post-conviction motion and then abandoned it in his state court appeal, which means it is defaulted and cannot be raised in federal court. *Coleman v. Thompson*, 501 U.S. 722, 752-57 (1999); *Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012).

Plaintiff's fifth argument, that the evidence to convict him was insufficient because no physical evidence was introduced to the jury that he committed a felony, is procedurally barred because it was never presented to the state court. When an inmate has not properly exhausted state remedies on a claim and the time for doing so has expired, he has procedurally defaulted the claim. *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010). In order for a federal court to review a claim that should have been raised in state court by post-conviction motion counsel, a prisoner must demonstrate that post-conviction motion counsel was ineffective under the *Strickland* standard and that the underlying claim is a substantial one, that is, that the claim has some merit. *Martinez v. Ryan*, 566 U.S. 1, 13-17 (2012). In this case, Petitioner cannot show that this claim has any merit because the evidence to support a conviction is constitutionally sufficient unless no reasonable fact finder taking the evidence in the light most favorable to the state could have convicted. *Nash v. Russell*, 807 F.3d 892, 897-98 (8th Cir. 2015). Assuming for the sake of argument the state did

not present physical evidence of a felony assault, this does not matter. The state did not have to present physical evidence because the testimonial and other evidence of Petitioner's guilt was overwhelming. Thus, this claim lacks merit and is procedurally defaulted.

Finally, the sixth claim raised in Petitioner's initial petition, that two witnesses against him allegedly perjured themselves during trial, was also procedurally defaulted because it was not raised in state court. Again, in order for a federal court to review a claim that should have been raised in state court by post-conviction motion counsel, a prisoner must demonstrate that post-conviction motion counsel was ineffective under the *Strickland* standard and that the underlying claim is a substantial one. *Martinez*, 566 U.S. at 13-17. Here, Petitioner cannot show this claim has any merit because the jury could believe all, some, or none of the witnesses' testimony; the Court considers the evidence in the light most favorable to the conviction; and the evidence to support a conviction is constitutionally sufficient unless no reasonable fact finder taking the evidence in the light most favorable to the state could have convicted. *Nash*, 807 F.3d at 897-98. Petitioner has not shown that no reasonable fact finder could have convicted him, thus this claim lacks merit and is procedurally defaulted.

**II.     The arguments raised in the supplemental memo do not establish grounds for relief.**

Petitioner's first supplemental argument—that the trial court erred in allowing him to represent himself without a proper investigation into his mental competency—is procedurally barred because he failed to raise this issue in his state post-conviction proceedings. This issue should have been raised earlier, but was not, and so Petitioner must demonstrate that post-conviction motion counsel was ineffective under the *Strickland* standard and that the underlying claim has some merit. *Martinez*, 566 U.S. at 13-17.

But since there is little evidence in the record that Petitioner may have been mentally incompetent, the Court cannot say the underlying claim is a substantial one. The motion filed by

Petitioner's initial attorney makes the conclusory assertion that, "Defendant reports that he suffers from memory loss concerning events relating to the crime charged." Mot. for Psychiatric and Physical Examination Notice at ¶ 2, ECF No. 7-4. Other than this unsupported and conclusory assertion in the motion, which the trial court apparently granted because it was unopposed, nothing in the record suggests Petitioner was mentally incompetent. Throughout the proceedings Petitioner was defiant, difficult to work with, and wrongly believed he could represent himself better than his appointed attorneys. But there is no evidence that he lacked the capacity to understand the proceedings against him or to assist in his own defense.[2] In fact, the appellate court found Petitioner "was competent to waive counsel and did so repeatedly and adamantly." *Polk v. State*, No. WD80984, slip op. at 11.

Of course, the trial court could have made a better record memorializing its reasons for not ultimately sending Petitioner for a medical and psychiatric examination, but this Court cannot infer from the lack of a more thorough explanation by the trial court that the underlying claim has some merit. Hence Petitioner's failure to raise it in state court acts as a procedural bar.

Petitioner's second supplemental argument, that the Court further erred by not appointing stand-by counsel to assist him, is also unavailing. When a defendant in a criminal case elects to proceed *pro se*, appointment of standby counsel is within the trial court's discretion; "a *pro se* defendant does not enjoy an absolute right to standby counsel." *United States v. Keiser*, 578 F.3d 897, 903 (8th Cir. 2009). Hence, a failure to appoint standby counsel, or to inform Petitioner that he could have standby counsel, is not a violation of the Sixth Amendment. *Id*. at 904.

---

[2] Petitioner's behavior was similar to other mentally competent defendants the Court has encountered who, despite being warned about the perils of self-representation, insisted on exercising their constitutional right to represent themselves. The fact that with the benefit of hindsight Petitioner regrets his decision does not mean he was mentally incompetent at the time he made it.

## Conclusion

For the reasons discussed above, the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is DENIED.

**IT IS SO ORDERED.**

Date:   June 10, 2022              /s/ Greg Kays
                                   GREG KAYS, JUDGE
                                   UNITED STATES DISTRICT COURT